**Spencer Estate**

*John M. McNally, Jr., First Deputy City Solicitor,* for accountant.

KLEIN, A. J., May 1, 1974.—By decree of this court, dated April 7, 1971, Mary Spencer was adjudicated an incompetent, and John L. Steward, Director of Adult Services Division of the Philadelphia Department of Welfare, was appointed guardian of her estate.

The reason for filing the present account is stated to be the death of the incompetent on August 2, 1972.

All parties in interest are stated to have received notice of this audit.

The statement of proposed distribution lists as admitted claims of the City of Philadelphia for water and sewer rent and real estate taxes aggregating $196. In accordance with the provisions of section 5534 of the Probate, Estates and Fiduciaries Code of June 30, 1972 (No. 164), no award of the said claims can be made in this adjudication.

The statement of proposed distribution requests that distribution be made to "Herbert R. Cain, Jr. (c/o Eugene H. Clarke, Jr., Esq.), Administrator of Estate of Mary Spencer, dec'd." By letter dated April 9, 1974, Mr. McNally advised the auditing judge that Mary Spencer died on August 2, 1972, and that letters testamentary were granted on February 16, 1973, to Herbert R. Cain, Jr., who is a Judge of the Court of Common Pleas of Philadelphia County. Mr. McNally states further in his letter that Judge Cain is not related to

decedent and that there are no assets in addition to those listed in the guardian's account.

The Code of Judicial Conduct, which was adopted by the Supreme Court of Pennsylvania on November 21, 1973, and became effective on January 1, 1974, provides, under Canon 5, subsection D:

"Fiduciary Activities. A judge should not serve as the executor, administrator, trustee, guardian, or other fiduciary, except for the estate, trust, or person of a member of his family, and then only if such service will not interfere with the proper performance of his judicial duties. 'Member of his family' includes a spouse, child, grandchild, parent, grandparent, or other relative or person with whom the judge maintains a close familial relationship."

The commentary to this subsection states:

"The Effective Date of Compliance provision of this Code qualifies this subsection with regard to a judge who is an executor, administrator, trustee, or other fiduciary at the time this Code becomes effective."

The effective date of compliance provision reads, in pertinent part:

"A person to whom this Code becomes applicable should arrange his affairs as soon as reasonably possible to comply with it. If, however, the demands on his time and the possibility of conflicts of interest are not substantial, a person who holds judicial office on the date this Code becomes effective may:

"(a) continue to act as an officer, director, or non-legal advisor of a family business;

"(b) continue to act as an executor, administrator, trustee, or other fiduciary for the estate or person of one who is not a member of his family."

We, therefore, conclude that the provisions of the Code of Judicial Conduct do not necessarily bar Judge Cain from completing the administration of the estate

of decedent. However, Judge Cain has informed the auditing judge that he does not wish to continue to act as executor of the estate of the deceased incompetent and wishes to be relieved of his responsibilities as executor. Since he has not received any of the assets belonging to decedent, he, at his request, is discharged from his office of executor of the estate of Mary Spencer, deceased, and the balance for distribution shown by the present account will be awarded to an administrator, c.t.a., when duly appointed and qualified.

The balance of principal, personalty, composed of cash, is $1,846.82, which, together with any income or interest on deposits, is awarded to an administrator, c.t.a., of the estate of Mary Spencer, deceased, when duly appointed and qualified.

Decedent's real estate, premises 1723 North Bouvier Street, Philadelphia, Pa., carried in the real estate account at a value of $5,000, and decedent's one-half interest in premises 120 North Lincoln Street, Smyrna, Del., carried in the real estate account at a value of $2,000, are awarded to an administrator, c.t.a., of her estate when duly appointed and qualified.

Leave is granted to the accountant to make all transfers, assignments and conveyances necessary to effect distribution in accordance with this adjudication.

A schedule of distribution to contain only a recital of the award of real property, described as provided in Rule *72(b) of the Orphans' Court Division of Philadelphia County, and duly certified by counsel to be correct and in conformity with this adjudication, shall be submitted by the accountant to the auditing judge for approval within 90 days after the absolute confirmation of the account. The schedule, when so approved and annexed hereto, will form a part hereof.

And now, May 1, 1974, the account is confirmed nisi.